UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFRED JOHN SUFKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEALTH SERVICES DEPARTMENT OF CORRECTIONS, Doctor HENRY LEE, DARIN Phiscal Therapist, Doctor BURKHALTER, Doctor BARNEY, and Nurse Practitioner JENIFFER SOUTHWICK,<br><br>　　　　Defendants. | Civil File No. 08-338 (MJD/SRN)<br><br><br>REPORT AND RECOMMENDATION |

　　Plaintiff, a Minnesota state prison inmate, commenced this action by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). Plaintiff's IFP applications, (Docket Nos. 2 and 16), indicate that he might be unable to satisfy the initial partial filing fee requirements of 28 U.S.C. § 1915(b)(1). Based on the information in the IFP applications, the Court finds, for present purposes, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I. BACKGROUND**

Plaintiff's original complaint in this matter, (Docket No. 1), was seriously defective in numerous respects. Plaintiff was informed of the various shortcomings of his initial pleading, and he was directed to file an amended complaint. (See Order dated February 20, 2008; [Docket No.5].) Thereafter, Plaintiff filed two more pleadings, (Docket Nos. 6 and 9), but he failed to cure the defects found in his original complaint. The Court then gave Plaintiff one final opportunity to replead. (See Order dated April 24, 2008; [Docket No. 11].)

Plaintiff's most recent pleading, hereafter referred to as the "Second Amended Complaint," (Docket No. 15), is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that Plaintiff still has not pleaded a cause of action on which relief can be granted, and that this case should therefore be summarily dismissed.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is attempting to sue a governmental entity, (i.e., the Defendant identified as "Health Services Department of Corrections"), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental agencies or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint must contain specific facts supporting its conclusions"); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights.  <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999).  <u>See</u> <u>also</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).  In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

In this case, the caption of Plaintiff's Second Amended Complaint lists six named Defendants.  However, only one of those six named Defendants – "Health Services Department of Corrections" – is mentioned in any of the substantive allegations of the Second Amended Complaint.  There are no allegations describing any acts or omissions

of any of the other five Defendants listed in the caption of Plaintiff's current pleading.

The Court's original order in this matter expressly informed Plaintiff that if he attempted to replead, his new complaint "must describe what, specifically, <u>each named Defendant</u> allegedly did (or failed to do) that purportedly entitled Plaintiff to legal recourse against that Defendant." (Order dated February 20, 2008, [Docket No. 5], p. 3, [emphasis in the original order].) Despite this explicit instruction, Plaintiff's current pleading does not describe any specific acts or omissions by Defendants Doctor Henry Lee, Darin (Phiscal [sic] therapist), Doctor Burkhalter, Doctor Barney, or Nurse Practitioner Jeniffer Southwick. In fact, as noted above, none of these five Defendants is even mentioned in any of the substantive allegations of Plaintiff's Second Amended Complaint. The Second Amended Complaint certainly does not describe any specific acts or omissions which, if true, would entitle Plaintiff to a judgment against any of these five Defendants. Thus, the Second Amended Complaint obviously fails to state any actionable claim for relief against any of these five Defendants.

The Second Amended Complaint also fails to state any actionable claim against the one remaining Defendant, identified as "Health Services Department of Corrections." The Court initially notes that "Health Services Department of Corrections" does not appear to be a cognizable entity that is suable as such; but rather, it appears to be just a common way of referring to certain employees, or a certain location, at some state prison facility.

However, even if "Health Services Department of Corrections" is an actual legal entity that can be sued as such, it must be viewed as an agency of the State of Minnesota, which means that it cannot be sued in federal court, because of the Eleventh Amendment to the Constitution. It is well-settled that states and their agencies are immune from suit

in federal court under the Eleventh Amendment, unless Congress has abrogated the state's immunity by some express statutory provision, or the state has consented to be sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).   Plaintiff has not suggested that Congress has lifted Minnesota's Eleventh Amendment immunity for this case, nor has he suggested that the State has waived its immunity and consented to be sued in this case. Thus, the Court finds that Plaintiff's attempt to sue "Health Services Department of Corrections" is barred by the Eleventh Amendment.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead any cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's applications for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2] He has not paid

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that

any part of the fee to date, so he still owes the full $350.00 at this time. State prison officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action must be summarily dismissed because Plaintiff has failed to plead an actionable claim, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 14), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's applications to proceed in forma pauperis, (Docket Nos. 2 and 16), be **DENIED**;

2. Plaintiff's pending motion for appointment of counsel, (Docket No. 14), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the

---

the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

     5.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: July 1, 2008

                                     s/ Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 16, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.